IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-236-FL-1
No. 5:16-CV-389-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFREY EDWARDS | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 84) and motion to amend motion to vacate (DE 97). The issues raised are ripe for ruling. For the reasons that follow this court dismisses petitioner's motions.

**BACKGROUND**

On October 17, 2013, petitioner pleaded guilty, pursuant to a written plea agreement, to armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. On November 6, 2014, this court sentenced petitioner to 188 months' imprisonment. Petitioner did not appeal his judgment.

On June 14, 2016, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing that he has been improperly designated as a career offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). On July 21, 2016, the court granted the government's motion to stay pending the resolution of the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). Following the resolution of Beckles, the court lifted the stay on petitioner's case and directed petitioner to file a supplement to his § 2255 motion. On June 19, 2017, plaintiff filed the instant motion to amend motion to vacate, arguing that in light of the

Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), he is no longer a career offender.

**COURT'S DISCUSSION**

A.	Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.	Analysis

Petitioner argues that in light of Johnson, in petitioner's motion to vacate, and Mathis, in petitioner's motion to amend, he is no longer a career offender. (See DE 84 at 4; DE 97-1 at 1). In particular, petitioner contends that Johnson and Mathis require this court to vacate his sentence because his North Carolina common law robbery and North Carolina voluntary manslaughter convictions can no longer serve as career offender predicates. (Id.).[1]

1.	Motion to Vacate

---

[1] Petitioner argues that his prior North Carolina convictions for assault with a deadly weapon inflicting serious injury is also not a predicate conviction under Johnson. (DE 84 at 4). Although not clear, it does not appear that petitioner's designation as a career offender was based on this conviction. (See PSR (DE 45) at 5-6). In any event, the court's holding below renders this argument moot.

2

Petitioner was sentenced pursuant to the sentencing guidelines and not the Armed Career Criminal Act ("ACCA"), the statutory scheme addressed by the Supreme Court in Johnson.

Prior to Johnson, an offense was deemed a "violent felony" under the ACCA's so-called "residual clause" if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Therefore, the residual clause of the former sentencing guidelines is not void for vagueness.[2] Id. at 892. Because petitioner was sentenced pursuant to the sentencing guidelines and not the ACCA, petitioner's Johnson claim fails.

2.  Motion to Amend

The court construes petitioner's motion to amend motion to vacate as a supplemental motion made pursuant to § 2255, asserting the new argument that pursuant to Mathis, petitioner is no longer a career offender.

A defendant is a "career offender" if 1) he was at least 18 years old at the time he committed the instant offense of conviction; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG 4B1.1. Here, only the third

---

[2] The definition of "crime of violence," revised August 1, 2016, no longer contains a residual clause.

requirement is in dispute. Additionally, petitioner does not dispute he has one prior felony conviction for a controlled substance offense.[3]

At the time of petitioner's sentencing, § 4B1.2 defined a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>.

USSG § 4B1.2(a) (emphasis added to the "residual clause"). Section 4B1.2(a)(1) involves the "force clause" and § 4B1.2(a)(2) involves the residual clause. Further, the commentary to § 4B1.2 enumerated "robbery" as a crime of violence. USSG § 4B1.2, cmt. n.1. Petitioner disputes whether his prior convictions under North Carolina law for voluntary manslaughter and common law robbery qualify him as a career offender.

In <u>Mathis</u>, the Supreme Court held that when determining whether an offense qualifies as a predicate under the ACCA, the court must look to the statutory elements of the offense, rather than the means of commission, to assess if the statute's elements are the same as, or more narrow than, the generic offense found in the ACCA. 136 S. Ct. at 2247. The Fourth Circuit has applied the categorical approach discussed in <u>Mathis</u> in determining whether a prior conviction qualifies as a predicate within the meaning of the career offender provisions of the sentencing guidelines. See <u>United States v. Dozier</u>, 848 F.3d 180, 188 (4th Cir. 2017) (holding that the defendant's underlying offense was a "categorical match of a generic controlled substance offense" and, thus, that the defendant "was properly deemed a career offender under § 4B1.1 of the Sentencing Guidelines").

---

[3] Petitioner pleaded guilty to two counts of trafficking in cocaine and was sentenced to 70 to 84 months for each count to be served consecutively. (PSR (DE 45) at 6).

4

The Fourth Circuit has also held that North Carolina common law robbery categorically qualifies a crime of violence as defined in the current sentencing guidelines in § 4B1.2(a) and incorporated by reference into § 2K2.1(a)(4)(A). United States v. Gattis, 877 F.3d 150, 152, 155-56, 159-61 (4th Cir. 2017).

Robbery is now an enumerated offense under USSG § 4B1.2. Effective August 1, 2016, the definition of a "crime of violence" has been amended to expressly include robbery as an enumerated offense in § 4B1.2(a)(2) itself rather than relegating this crime to the commentary. It was not an enumerated offense within the text of the guideline at the time petitioner was sentenced. However, the Fourth Circuit has recently held, citing Gattis, that a North Carolina felony conviction for common law robbery qualifies as a crime of violence under the residual clause of the version of the sentencing guidelines as applicable here. See United States v. Jackson, No. 15-4404, 2018 WL 365312, at *2 (4th Cir. Jan. 11, 2018) (citing Gattis, 877 F.3d at 155-56).

Therefore, petitioner's conviction under North Carolina law for common law robbery categorically qualifies as a crime of violence under the sentencing guidelines, and petitioner was properly designated a career offender.[4] Petitioner's Mathis claim fails.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims

---

[4] Given this conclusion, the court need not address petitioner's arguments that his conviction under North Carolina law for voluntary manslaughter does not qualify as a prior felony conviction for the purposes of USSG 4B1.1.

5

presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court DISMISSES petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 84) and motion to amend motion to vacate (DE 97). This court also DENIES certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of February, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge